UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STACIA D.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-1209 RSM

**ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred in (1) discounting her mental symptom testimony, (2) evaluating the medical opinion evidence, and (3) relying on a flawed hypothetical to the vocational expert. Pl. Op. Br. (Dkt. 24), pp. 1–2. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 49 years old, has a master's degree, and has worked as a senior laboratory technician and animal keeper. Admin. Record ("AR") (Dkt. 18) 43, 96, 121. On September 18,

2017, Plaintiff applied for benefits, alleging disability as of August 1, 2012.[1]  AR 121–22, 263–69, 273–78.  Plaintiff's applications were denied initially and on reconsideration.  AR 120–93.  After the ALJ conducted a hearing on February 26, 2019, the ALJ issued a decision finding Plaintiff not disabled.  AR 32–44, 84–119.  In relevant part, the ALJ found Plaintiff had the severe mental impairments of depressive disorder, personality disorder, and posttraumatic stress disorder ("PTSD").[2]  AR 35.  The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work with additional exertional, postural, environmental, and mental limitations.  AR 37.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1–3.

**DISCUSSION**

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).  The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Although the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one interpretation, the ALJ's

---

[1] Plaintiff had previously filed applications for benefits, the latest of which was denied on February 17, 2017.  *See* AR 33.  The ALJ did not reopen these applications, and thus the disability period at issue was from February 18, 2017, to the date of the ALJ's decision.  *See id.*

[2] The ALJ also found Plaintiff had severe physical impairments of cardiac disease, right ankle degenerative joint disease, asthma, and headaches.  AR 35.  Plaintiff has not challenged the ALJ's evaluation of her physical impairments, so they are not addressed further in this Order.  Pl. Op. Br., p. 2 n.1.

ORDER REVERSING DENIAL OF BENEFITS AND
REMANDING FOR FURTHER PROCEEDINGS - 2

interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005). This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### A.   Plaintiff's Mental Symptom Testimony

Plaintiff argues the ALJ erred by discounting her testimony regarding the severity of her mental symptoms. Pl. Op. Br., pp. 13–17. Plaintiff testified she has problems with her memory, sleep, and overall functioning. AR 100–01, 109, 111, 289, 294, 296. She testified she was "not good at taking care of [herself]." AR 106. She testified she has frequent thoughts of suicide. AR 106, 109. She testified she missed medical appointments because she would forget them, or not feel able to leave her home. AR 106–07.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo*, 871 F.3d at 678. The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "'could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet.'" *Trevizo*, 871 F.3d at 678 (quoting *Garrison*, 759 F.3d at 1014–15).

The ALJ found Plaintiff met the first step, but discounted Plaintiff's testimony regarding the severity of her symptoms. AR 38. The ALJ found Plaintiff's testimony regarding the severity of her mental symptoms was "partially consistent with" the medical evidence, but "does not reflect level [sic] of functional restriction alleged by [Plaintiff]." AR 40. The ALJ erred in

making this finding.  An ALJ may discount or reject a claimant's symptom testimony when it is contradicted by the medical evidence.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)).  But the ALJ must explain how the medical evidence contradicts the claimant's testimony.  *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).  Furthermore, the ALJ "cannot simply pick out a few isolated instances" of medical health that support her conclusion, but must consider those instances in the broader context "with an understanding of the patient's overall well-being and the nature of her symptoms."  *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016).

The ALJ here failed to explain how the medical evidence contradicted Plaintiff's testimony.  The ALJ noted some treatment notes documented abnormal presentation, and some documented normal presentation.  AR 40.  But the ALJ failed to explain why those records showing normal presentation were more relevant to Plaintiff's claims than those showing abnormal presentation.  *See id.*  Furthermore, many of the treatment notes the ALJ cited as showing normal presentation were at appointments to treat entirely different conditions, such as an upper respiratory infection, a cardiological issue, and a gastrointestinal issue.  *See, e.g.*, AR 612–13, 618–20, 641, 680.

The ALJ next supported her discount of Plaintiff's testimony because "many of the findings of an anxious affect and other abnormalities in mental health treatment notes were associated with transient situational stressors, such as the need for assistance with rent payments."  AR 40.  The ALJ erred in making this finding because although the ALJ cited three appointments at which Plaintiff mentioned needing to financial assistance to pay rent, the vast majority of the record documented anxiety and other symptoms without mention of rent concerns.  *See* AR 894, 896–98, 903–06, 918–21, 1038–41.  The ALJ's finding was thus not

supported by substantial evidence.

The ALJ further justified her discount of Plaintiff's testimony because Plaintiff was able to attend most of her medical appointments, contrary to her testimony that she could not leave her house, remember appointments, or interact with others appropriately. AR 40. The ALJ's finding was not supported by substantial evidence, as the record shows Plaintiff missed many medical appointments. *See* AR 894 –95, 899, 918–19, 927, 1013–14, 1039–40.

The ALJ last justified discounting Plaintiff's testimony because "[t]he evidence suggests that [Plaintiff] may be over reporting [sic] her symptoms to some degree." AR 40. The ALJ first determined a note from James Czysz, Psy.D. showed Plaintiff "likely over represent[ed] [sic] the extent and degree of symptomatology in certain areas." *Id.* Dr. Czysz, who opined Plaintiff had marked limitations in a number of areas of mental functioning, reported Plaintiff displayed "no evidence of dissimulation or suboptimal effort on testing." AR 591. The ALJ next referenced a note in which Plaintiff reported she stays in contact with her parents "for selfish reasons; borrowed money. I'm manipulative to get things I wanted." AR 914.

The ALJ's reasoning here is not clear and convincing. Plaintiff's statement in therapy that she was manipulative in relation to her parents does not show that she was lying about the severity of her symptoms. An ALJ's evaluation of the claimant's symptom testimony should not "delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." *Trevizo*, 871 F.3d at 678 n.5 (citing Social Security Ruling 16–3p, 2017 WL 5180304 (Oct. 25, 2017)). Although there is some indication from Dr. Czysz that Plaintiff was overreporting her symptoms, he still found her to have marked limitations. At best, then, the ALJ's interpretation of Dr. Czysz's record presents "one weak reason" for discounting Plaintiff's symptom testimony, which "is insufficient to meet the 'specific, clear and convincing' standard." *See Burrell v.*

*Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (quoting *Molina*, 674 F.3d at 1112). The ALJ therefore failed to give clear and convincing reasons for discounting Plaintiff's symptom testimony, and harmfully erred.

**B.      Medical Evidence**

Plaintiff argues the ALJ erred by rejecting the opinions of treating psychiatrist David Rowlett III, M.D., and examining psychologist Dr. Czysz, and by accepting the opinions of Laura Radin Kimball, M.D., and non-examining psychologists Andrew Forsyth, Ph.D., and Gary Nelson, Ph.D. Pl. Op. Br., pp. 3–13. Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The opinions of Dr. Rowlett and Dr. Czysz are contradicted by the opinions of Dr. Forsyth and Dr. Nelson, so the specific and legitimate standard would apply unless the Commissioner's new regulations change this standard. *See* AR 149–51, 168–70, 589–90, 950–51.

The Commissioner argues new regulations promulgated in 2017 change the standard by which the ALJ's reasons for rejecting medical providers' opinions are measured. *See* Def. Resp. Br. (Dkt. 25), pp. 7–9. The genesis of the "specific and legitimate" standard for contradicted opinions was the Ninth Circuit's decision in *Murray v. Heckler*, 722 F.2d 499 (9th Cir. 1983). In *Murray*, the ALJ rejected the opinions of a treating doctor in favor of the opinions of an examining doctor. *See id.* at 501. The Ninth Circuit reviewed precedent from other circuits and determined an ALJ must ordinarily give more weight to the opinions of a treating doctor because that doctor is "'employed to cure'" the claimant and has a "'greater opportunity to observe and know the patient as an individual.'" *Id.* at 502 (quoting *Bowman v. Heckler*, 706 F.2d 564, 568

(5th Cir. 1983)). Thus, "[i]f the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray*, 799 F.2d at 502. The Ninth Circuit made no reference to regulations promulgated by the Social Security Administration regarding treatment of medical opinions in reaching its conclusion. *See id.*

In 1991, the Commissioner promulgated regulations setting forth standards for reviewing medical regulations. *See* Standards for Consultative Examinations and Existing Medical Evidence, 56 Fed. Reg. 36932-01, 1991 WL 142361 (Aug. 1, 1991). Those regulations established a hierarchy mirroring the one set out by the Ninth Circuit, in which treating sources are given more weight than non-treating sources, and examining sources are given more weight than non-examining sources. *See id.* at *36935–36; 20 C.F.R. § 404.1527(c). The Ninth Circuit mentioned these regulations in its 1995 opinion in *Lester*, and continued to rely on the "specific and legitimate" standard. *See Lester*, 81 F.3d at 830–31.

In 2017, the Commissioner issued revised regulations eliminating the hierarchy of medical opinions. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). Under the new regulations, for claims filed on or after March 27, 2017, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The Commissioner's new regulations still require the ALJ to explain his or her reasoning, and to specifically address how he or she considered the supportability and consistency of the opinion. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

The Ninth Circuit has not yet considered whether the 2017 regulations will cause it to

ORDER REVERSING DENIAL OF BENEFITS AND
REMANDING FOR FURTHER PROCEEDINGS - 7

reevaluate the standard set forth in *Murray* for review of medical opinions. This Court is bound by precedent of the Ninth Circuit and may not overrule a decision from that court. *See In re Albert-Sheridan*, 960 F.3d 1188, 1192–93 (9th Cir. 2020); *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001); *see also Kimble v. Marvel Entm't, LLC*, 576 U.S. 446, 455 (2015) ("Overruling precedent is never a small matter.").

The new regulations do not clearly supersede the "specific and legitimate" standard. That standard is not an articulation of how ALJs must weigh or evaluate opinions, but rather a standard by which the Court evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence. Whatever factors the Commissioner considers in evaluating a medical opinion, the ALJ must explain his or her reasoning to allow for meaningful judicial review, and the Ninth Circuit's "specific and legitimate" standard is merely a benchmark against which the Court evaluates that reasoning.

1. Dr. Rowlett

Dr. Rowlett was Plaintiff's treating psychiatrist. *See* AR 893–906, 918–28, 995–97, 1022–23, 1039–44. Dr. Rowlett completed a mental impairment questionnaire on April 10, 2018. AR 947–51. Dr. Rowlett opined Plaintiff had marked limitations—defined in the questionnaire as interfering with her ability for more than two-thirds of an eight-hour workday—in multiple areas of understanding and memory, concentration and persistence, social interactions, and adaptation. *See* AR 950. Dr. Rowlett opined Plaintiff would likely be absent from work more than three times per month due to her impairments. AR 951.

The ALJ found Dr. Rowlett's opinions "[l]ess [p]ersuasive." AR 41–42. The ALJ reasoned Dr. Rowlett "did not include sufficient findings or other rationale to support such profound restrictions." *Id.* The ALJ reasoned Dr. Rowlett's opinions were inconsistent with his

treatment notes and the overall medical evidence. AR 42. The ALJ reasoned Dr. Rowlett's opinions were inconsistent with Plaintiff's ability to shop for herself and manage her finances. *Id.* The ALJ reasoned Dr. Rowlett considered Plaintiff's alleged physical symptoms in reaching his opinions, but "such an assessment is outside Dr. Rowlett's area of expertise." *Id.*

The ALJ erred in rejecting Dr. Rowlett's opinions. First, as the ALJ acknowledged, the medical record contained many abnormal mental findings. *See, e.g.*, AR 896, 899–901, 906, 919, 1032–33, 1039–41. These findings do not contradict Dr. Rowlett's opinions, and the ALJ's conclusory statement that they do not support Dr. Rowlett's opinions is not a valid reason to reject them. *See Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988) (holding that conclusory reasons are insufficient to reject a treating doctor's opinions).

Second, the ALJ unreasonably interpreted the evidence in finding Plaintiff's ability to shop and manage her finances was inconsistent with Dr. Rowlett's opinions. Plaintiff reported she shopped for necessities like food and toiletries in stores and by computer, but it was "very difficult" for her to make decisions, and she went out to shop only when she was able. AR 292. Similarly, Plaintiff reported she could manage her finances, but only when she had an income. *Id.* That Plaintiff could perform these essential life activities does not contradict Dr. Rowlett's opinion that Plaintiff's impairments interfered with her ability to perform certain basic work activities for more than two-thirds of an eight-hour workday. *Cf. Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (One does not need to be 'utterly incapacitated' in order to be disabled." (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989))).

Third, the ALJ did not accurately portray the record in reasoning that Dr. Rowlett considered Plaintiff's physical symptoms in reaching his opinions. An ALJ may not reject evidence based on an inaccurate portrayal of the record. *See Reddick v. Chater*, 157 F.3d 715,

722–23 (9th Cir. 1998) (reversing ALJ's decision where his "paraphrasing of record material is not entirely accurate regarding the content or tone of the record"). Dr. Rowlett did not attempt to diagnose Plaintiff's physical symptoms, but instead stated—in response to a question asking whether Plaintiff's "psychiatric condition(s) exacerbate pain or any other physical symptoms"— that Plaintiff's "psychiatric symptoms . . . impact seeking and tolerating care and support for medical problems. She has had and continues to have substantial medical comorbidity." AR 949. Dr. Rowlett was not veering beyond his expertise, but was rather explaining that Plaintiff's psychiatric symptoms would interact with Plaintiff's pain and physical symptoms. The ALJ's finding was thus not reasonable or supported by substantial evidence. Consequently, the ALJ failed to provide any valid reasons for rejecting Dr. Rowlett's opinions, and harmfully erred.

2. Dr. Czysz

Dr. Czysz examined Plaintiff in August 2017. AR 587–95. Dr. Czysz opined Plaintiff had marked limitations in understanding, remembering, and persisting in tasks by following detailed instructions; performing activities within a schedule and maintaining regular attendance; adapting to changes in a routine work setting; communicating and performing effectively in a work setting; and completing a normal workday and week without interruptions from her psychologically based symptoms. AR 589–90.

The ALJ found Plaintiff's opinions "[l]ess [p]ersuasive." AR 42. The ALJ reasoned "Dr. Czysz had limited information on which to form his opinion because he saw [Plaintiff] on a single occasion and reviewed no records." *Id.* The ALJ further reasoned Dr. Czysz's opinions were inconsistent with the medical evidence. *Id.* And the ALJ reasoned Dr. Czysz's opinions that Plaintiff was markedly limited in her ability to complete a normal workday/week and in her ability to maintain regular attendance "essentially indicate that [Plaintiff] 'cannot work' on an

ongoing basis, which is a legal conclusion that is reserved to the Commissioner." AR 42–43.

The ALJ erred in rejecting Dr. Czysz's opinions. The ALJ failed to identify what records or information Dr. Czysz did not have that could have undermined his opinions if he had known it. Relatedly, the ALJ erred in finding Dr. Czysz's opinions inconsistent with the medical evidence. As discussed above, the medical evidence contained ample documentation of abnormal mental functioning. *See* AR 896, 899–901, 906, 919, 1032–33, 1039–41. The records the ALJ identified showing normal presentation were at appointments to treat non-psychological conditions. *See, e.g.*, AR 612–13, 618–20, 641, 680.

The ALJ also erred in rejecting Dr. Czysz's opinions as legal conclusions reserved to the Commissioner. The ALJ is not bound by a doctor's opinion on the ultimate issue of disability, but must still give valid reasons for rejecting that opinion. *Reddick*, 157 F.3d at 725; *see also Perry v. Colvin*, 649 F. App'x 544, 545 (9th Cir. 2016) (holding ALJ erred in rejecting doctor's opinion "on the sole basis that he opined as to an issue reserved to the Commissioner"). The ALJ has failed to provide any valid reasons to reject Dr. Czysz's opinions, and thus erred.

3.  Dr. Kimball, Dr. Forsyth, and Dr. Nelson

Plaintiff next challenges the ALJ's acceptance of several medical opinions. Pl. Op. Br., pp. 12–13. The record documents a telephone encounter with Dr. Kimball in which she noted she "reviewed [Plaintiff's] chart and found no documentation of physical or mental impairment that substantially limits one or more major life activities." AR 648. Dr. Forsyth and Dr. Nelson opined as to Plaintiff's limitations as part of the initial and reconsideration determinations of Plaintiff's claims. *See* AR 149–51, 168–70. The ALJ found these three doctors' opinions "[m]ost [p]ersuasive." AR 41.

The Court need not address whether the ALJ erred by accepting these opinions because

this matter is being remanded for further proceedings.  In general, an ALJ is not required to provide reasons in support of incorporating a medical opinion into the RFC determination.  *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (holding that "the ALJ did not need to provide 'clear and convincing reasons' for rejecting [a treating doctor's] report because the ALJ did not reject any of [the doctor's] conclusions").  Even so, the ALJ must reevaluate the opinions of Dr. Rowlett and Dr. Czysz, which may require the ALJ to reevaluate the corresponding persuasiveness of the opinions of Dr. Kimball, Dr. Forsyth, and Dr. Nelson.

**C.    The ALJ's Hypothetical Questions to the Vocational Expert**

Plaintiff argues the ALJ erred by relying on a flawed hypothetical question to the vocational expert.  Pl. Op. Br., pp. 17–19.  In her decision, the ALJ found Plaintiff had "moderate" limitations in concentrating, persisting, or maintaining pace.  AR 36.  During the hearing, the ALJ asked the vocational expert to identify work a hypothetical individual could perform if that individual was "able to understand, remember, and perform simple, routine, repetitive, one to three step tasks."  AR 116.  Plaintiff argues this hypothetical failed to account for the ALJ's moderate limitation finding.  Pl. Op. Br., p. 18.

In *Brink v. Comm'r Soc. Sec. Admin.* (*Brink I*), 343 F. App'x 211 (9th Cir. 2009), the Ninth Circuit found a hypothetical question that includes only the limitation to "simple, repetitive work" does not adequately account for the ALJ's finding that the claimant had moderate limitations in concentration, persistence, and pace.  *Id.* at 212; *see also Brink v. Comm'r of Soc. Sec. Admin.* (*Brink II*), 599 F. App'x 657, 658 (9th Cir. 2015) (reiterating that moderate impairments in concentration, persistence, and pace are not encompassed in a hypothetical limiting the claimant to simple, repetitive tasks); *Lubin v. Comm'r of Soc. Sec. Admin.*, 507 F. App'x 709, 712 (9th Cir. 2013) (holding that a limitation "to one to three step

tasks due to pain and prescription drug/marijuana use" did not cover a moderate limitation in concentration, persistence, and pace). In *Turner v. Berryhill*, 705 F. App'x 495 (9th Cir. 2017), by contrast, the Ninth Circuit held that "the ALJ did not err in posing hypothetical questions to the vocational expert regarding a claimant with an RFC of 'no physical limitations but [ ] limited to performing only simple, routine, or repetitive tasks with occasional public contact,' without separately mentioning Turner's moderate difficulties in concentration, persistence, or pace." *Id.* at 498 (alteration in original); *see also Hughes v. Colvin*, 599 F. App'x 765, 766 (9th Cir. 2015) (holding that a limitation to "simple, routine, repetitive tasks" adequately took into account the claimant's "moderate difficulties in . . . concentration, and persistence").

The conflict between these two lines of cases appears to stem from the Ninth Circuit's decision in *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008). In *Stubbs-Danielson*, the Ninth Circuit held that the ALJ did not fail to account for a moderate restriction in concentration, persistence, and pace because no doctor actually opined as to such a restriction. *See id.* at 1174. One doctor opined that the plaintiff was moderately limited in her ability to perform at a consistent pace without an unreasonable number and length of rest periods. *Id.* at 1173. But that doctor also opined that Plaintiff was "not significantly limited" in her ability to "carry out very short simple instructions," "maintain attention and concentration for extended periods," and "sustain an ordinary routine without special supervision." *Id.* at 1174. Thus, the ALJ's assessment limiting Plaintiff to "simple tasks" was consistent with the medical evidence, and adequately captured restrictions related to concentration, persistence, and pace. *Id.*

This case is distinguishable from *Stubbs-Danielson* because the ALJ found Plaintiff had moderate limitations in concentration, persistence, and pace, so there was no question as to what the medical evidence showed. *See* AR 36–37. And the decisions in *Brink I*, *Brink II*, and *Lubin*

are most persuasive in light of the facts here. The ALJ failed to define what she meant by "moderate" limitations in concentration, persistence, and pace, and failed to explain how "simple, routine, repetitive, one to three step tasks" accounted for the moderate limitations. The Court will not "attempt to intuit what the [ALJ] may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). The ALJ therefore erred by failing to account for—or explain how she accounted for—Plaintiff's moderate limitations in concentration, persistence, and pace in her hypothetical questions to the vocational expert.

**D.     Scope of Remand**

Plaintiff cursorily asks the Court to remand this matter for an award of benefits. Pl. Op. Br., p. 20. Except in rare circumstances, the appropriate remedy for an erroneous denial of benefits is remand for further proceedings. *See Leon v. Berryhill*, 880 F.3d 1041, 1043 (9th Cir. 2017) (citing *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014)). Plaintiff has not analyzed the factors the Court considers before remanding for an award of benefits, nor shown any rare circumstances. The Court will remand for further administrative proceedings.

On remand, the ALJ shall reevaluate Plaintiff's testimony, Dr. Rowlett's opinions, and Dr. Czysz's opinions. The ALJ may reevaluate the opinions of Dr. Kimball, Dr. Forsyth, and Dr. Nelson as necessary in light of the reevaluations of the evidence she erroneously rejected, and any new evidence submitted. The ALJ shall reformulate the RFC and hypothetical questions to the vocational expert as necessary to address the errors discussed in this decision. The ALJ shall reassess all relevant steps of the disability evaluation process. The ALJ shall conduct all further proceedings necessary to reevaluate the disability determination in light of this opinion.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 10th day of May, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE